## A. FURGUSON, Widow, &c. v. GLAZE.

The cases of *Taylor* v. *Jeffrey's estate*, 10 La , 435, decided in 1836, and *Michat* v. *Flotté's adminis-trator*, 12 La. 129, decided in 1838, deciding that the functions of an administration of an estate, did not, like those of an executor, cease at the end of a year, but continued until the administra-tion was finished, correctly declared the law.

A judgment against the principal debtor is *prima facie* proof of the amount for which the surety on an administrator's bond is liable, and until rebutted by sufficient evidence, no other proof is required.

An action brought against the principal debtor, interrupts the prescription on the part of the surety. C. C. 3518.

Neither the principal nor his surety can introduce parol evidence to vary a written contract.

APPEAL from the District Court of St. Landry, *A. Voorhies*, J.

J. E. King, for plaintiff. J. H. Lewis and Porter, and Swayze & Moore, for defendant and appellant.

MERRICK, C. J. This suit is brought against the defendant as surety on an administrator's bond, and was before this court last year on an exception to the jurisdiction of the District Court for the parish of St. Landry. 10 An. 635. It is a branch of the same case decided by our predecessors at Alexandria, and reported in 12 Rob. 215.

The administrator's bond, on which the defendant is sought to be made responsible, bears date May 1st, 1837, and was made payable to the parish Judge of the parish of Avoyelles, for $29,120.

In 1840, the plaintiff instituted proceedings against *Patrick H. Glaze*, the principal in the bond, as administrator of the succession of *Silas F. Thomas*, to render his account and to pay petitioner eight thousand dollars, the amount of her interest in the estate as widow in community. The administrator having filed his account of his administration, it was opposed by the plaintiff in this action, by a formal opposition filed 21st of February, 1841. That suit appears to have been obstinately litigated by the parties, and resulted in a final judgment rendered on the 26th day of October, 1850, decreeing a balance to be in the hands of the administrator of $8,661 12½, bearing five per cent. interest per annum from the 1st day of February, 1841, the date of the filing of the account, until paid.

This suit was commenced against the surety on the bond of the administrator, the 1st day of May, 1851.

It is contended, in substance, that the term of the office for which P. H. Glaze was appointed administrator, was from year to year; that at the end of the year, his administration not having been prolonged, terminated, and he was *functus officio*, and, that being out of office, after the first day of May, 1838, his subsequent acts were but those of an intermedler, for which his sureties were not responsible.

It is contended further, that the Act of the Legislature, approved 15th of March, 1837, and which was not promulgated in the official gazette until April 8, 1837, and consequently was not in force in the parish of Avoyelles until 8th of May, 1837, could not effect or change the bond given eight days previously: the seventh section of this Act continuing in office all executors, *administrators*, curators and syndics, until the estate is wound up. Acts 1837, p. 96, 97.

It is further contended, that by the Civil Code, Arts. 1197, 1199 and 1201, the office of the *curator* of a vacant succession terminates at the end of one year, and that Article 1042 of the Civil Code, and Articles 992 and 994 of the Code of Practice, prescribe that administrators shall have the same powers, and are subject to the same duties and responsibilities, as the curators of vacant estates; that administrators and curators of vacant estates having been placed on the same footing as regards their duties and responsibilities, the argument is as applicable in the case of the former as the latter; that if administrators have the same powers as curators, *their* powers cannot be *greater* or *less ;* that " if the curator became *functus officio*, and could not act after the expiration of a year without a prolongation of his administration, neither can the administrator. If he can, then he has *greater powers* than the curator, and not the *same powers*—which is a contradiction," 10 R. 457 ; 7 R. 24.

" Whether the administrator becomes *functus officio* at the end of the year or not, he is certainly ' *subject to the same duties.*' The Article 1199 of the Louisiana Code, *required a renewal of the security*, and commanded the Judge to exact it. If the Judge neglected it, the parties interested should have required it. At all events, the law, by requiring a ' renewal of the security,' did not hold the first security any longer bound. Else why require a renewal of the security" ?

It is a sufficient answer to this argument to say, that the question was considered by the Supreme Court, and settled after a full argument in the case of *Taylor* v. *Jeffries estate*, 10 L. R. 435, decided in 1836, one year before the Act of 1837 was passed, and the bond in this case signed, and "it was there held, that the term of office of the administrator was not limited to one year. In 1838, it was again decided in the case of *Michot* v. *Flotte's administrator*, 12 L. R. 129, that the functions of an administrator of an estate do not, like those of an executor, cease at the end of the year, but continue until the administration of the estate is finished." These decisions appear to have been acquiesced in by the profession and must now be held as conclusive. The surety on the bond was, therefore, responsible for the acts of said *P. H. Glaze* as administrator, after as well as before the expiration of the one year from the date of his appointment.

The defendant further contends, that it is the duty of the plaintiff to prove the amount of funds of the succession received by the principal, in order to recover against the surety, and cites the case of the *Succession of Johnston*, 1 Ann. 75.

In this case, the judgment against the principal debtor is *prima facie* proof of the amount for which the surety is responsible, and until rebutted by sufficient evidence, no other proof is required.

It is further contended, that the obligation sued on, is prescribed by the ten years which elapsed previous to the inception of this suit.

Proceedings were commenced against the principal debtor within about three years of his appointment, and interruptedly prosecuted until 1850. This interrupted the prescription as to the surety. C. C. 3518.

It is further contended, that the administrator is entitled to a credit of $5,000, because it is urged, that " on the 5th day of June, 1835, *Patrick H. Glaze* sold to *Silas F. Thomas*, deceased, a tract of land on Bayou Bœuf, together with the improvements and the merchandize contained thereon.

" The consideration of the sale was five thousand dollars. *Patrick H. Glaze*, the administrator, in the contest between himself and the plaintiff, alleged

that the sale was simulated; that the price, although stated in the act to be paid cash, was never so paid, and that the transfer was intended to give *Thomas* credit, in order that he might the more successfully prosecute his mercantile business."

This point was fully considered in the case of this plaintiff against *P. H. Glaze*, (12 Rob. 217,) and it was there held, that the credit was properly rejected. The parol proof can no more affect the case, as to the surety on the bond, than it could his principal. There is no written evidence which gives a different complexion to this part of the case, from that which it bore when before our predecessors.

On the trial of the case against *P. H. Glaze*, in the parish of Avoyelles, certain large items of credit claimed by the administrator, were reduced one-half, as being the payment of certain joint obligations of the deceased and the administrator. A number of other items were rejected, because the payments thereof were not produced.

On the present trial the principal in the bond having been released by the surety, was placed on the stand as a witness, (to which a bill of exception was taken,) and testified: that he paid all the items charged in his account of administration; that certain items were the exclusive indebtedness of the deceased; and that the intestate assumed a note of $2,239 39.

Even if it be conceded that the witness could be heard to contradict a judgment imparting absolute verity against him, we are not prepared to say that the District Judge erred upon testimony of this general character, and in the absence of the obligations, or at least copies thereof alleged, so to have been assumed or paid, in concluding that the testimony was insufficient and too uncertain to show error in the judgment rendered against the principal debtor, and now produced against the surety. C. C. 2257.

The judgment must be affirmed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.