JABURG BROS. v. WAGNER & BRO.,

Appellant

---

(January 31, 1927. Opinion and Decree.)
(February 28, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Evidence—Par. 229.**

A written guaranty of the payment of a draft can not be varied, contradicted or qualified by parol testimony.

Appeal from Civil District Court. Hon. E. K. Skinner, Judge.

Action by Jaburg Brothers against Chas. P. Wagner & Bro.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Weiss, Yarrutt & Stich, of New Orleans, attorneys for plaintiff, appellee.

Dart, Kernan & Dart, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff, a New York firm, sues defendant, a New Orleans partnership, for $1350.00, under the following circumstances:

Defendant, as agent for plaintiff, sold to the United Grocery Stores Co., of Montgomery, Alabama, certain bread-making machinery valued at the amount sued for. The machinery was shipped "sight draft, bill of lading attached". The draft and bill of lading was sent to the Fourth National Bank of Montgomery. Defendant secured the release of the bill of lading, without paying the draft, by endorsing the following on the back of the draft:

"I hereby authorize the release of the bill of lading, as agent for Jaburg Bros., and guarantee payment of the draft."

Defendant's customer took possession of plaintiff's machinery and defaulted in the payment of the draft, whereupon plaintiff brought this suit against defendant.

The defense set up in the answer is that the endorsement on the draft was merely intended to protect the bank, which held the draft, in releasing in the bill of lading against the refusal of plaintiff to approve of defendant's action in authorizing the release, and did not contemplate the payment of the draft to Jaburg Bros., defendant's principal, who, it is claimed, was not influenced in subsequently approving the release of the bill of lading by plaintiff's endorsement on the draft. Defendant also reconvened and asked for $420.00 as commission on the sale of the machinery.

When defendant sought to prove its defense, by oral testimony, plaintiff objected, invoking the familiar parol evidence rule with respect to written instruments. The objection was overruled, the evidence admitted, considered, and the case decided in plaintiff's favor on the main demand, and in defendant's favor on the reconventional demand. Insofar as the reconventional demand is concerned, it is admitted that defendant is entitled to its commission in the event that plaintiff should recover judgment on its main demand. We have arrived at the same conclusion as our brother below but by a different and shorter course, for we believe he erred in admitting parol evidence to qualify plaintiff's endorsement. It seems to us clear that the rule, invoked by defendant, must be applied in this case. What defendant did, insofar as it appears in writing, was to "guarantee payment of draft". These words are not ambiguous and require no explanation. We are aware of the flexibility of the parol evidence rule, but are unwilling to add to the confusion, which this flexibility has caused, by excluding this case from its application.

"There is perhaps no rule of law or of evidence which is more flexible, or subject to a greater number of exceptions than the rule which excludes parol evidence offered to vary or explain written documents. It has been said that, in the multitude of exceptions, much confusion has arisen, so that

the exact limit to be placed upon the exceptions depends not only upon the peculiar facts of each case, but also upon the peculiar cast of thought of the individuals composing the court." Corpus Juris, Vol. 22, Verbo Evidence, p. 1144. It is interesting to compare the words of the author just quoted with those of Chief Justice Marshall uttered more than a century before:

"The principles which require that a promise to pay the debt of another shall be in writing, and which will not permit a written contract to be explained by parol testimony originate in a general and wise policy, which this court cannot relax so far as to except from its operation cases within the principles. Already have so many cases been taken out of the statute of frauds, which seem to be within its letter, that it may well be doubted whether the exceptions do not let in many of the mischiefs against which the rule was intended to guard. The best judges in England have been of opinion that this relaxing construction of the statute ought not to be extended further than it has already been carried, and this court entirely concurs in that opinion."

These words of Judge Marshall occur in the opinion of the court in the leading case of Grant vs. Naylor, 4th Cranch 224. In that case the court held that, though a guarantor intended to guarantee the firm of John & Jeremiah Naylor & Co. against loss on a certain account, the fact that the guaranty was in writing, in the form of a letter, which was addressed to John & Joseph Naylor & Co., precluded oral proof of the real intention of the guarantor. The plaintiff offered to prove that there was no such firm as John & Joseph Naylor & Co., nevertheless, the court, after admitting that they were convinced a mistake had been made, adhered to the rule referred to. See also Furguson vs. Blaze, 12 La. Ann. 667; Corpus Juris, Verbo "Evidence", Vol. 22, p. 1112.

The judgment appealed from is affirmed.