## TAYLOR et al. *v.* STONE.

To make a valid seizure of a promissory note under a *fi. fa.*, the sheriff must take actual possession of the note.
Without a previous seizure, no adjudication can be made by a sheriff under a *fi. fa.*

APPEAL from the District Court of Catahoula, *Farrar*, J. *Garrett*, for the plaintiffs. There is no seizure unless the sheriff takes possession of the property. 1 La. 491. 6 Robinson, 347. 9 Ib. 182. 7 Ib. 500. *Pailhes* v. *Thielen*, 1 An. R. 34. *McGuire* and *Ray*, for the appellant. The judgment of the court was pronounced by

Kɪɴɢ, J.   The defendant is sued for a balance, alleged to be due on a pro-   TAYLOR
missory note of which he is the maker.   He admits his signature to the note;     *v.*
avers that large payments have been made on account of it, which have not   STONE.
been credited; and finally claims to be the owner of the note, in virtue of a she-
riff's sale to him made under an execution directed against the plaintiffs, where-
by the note has been extinguished, and his liability to the plaintiffs discharged.
A judgment was rendered against the defendant in the court below, from which
he has appealed.

It appears from the evidence that, under an execution issued against the
plaintiffs, the sheriff attempted to seize the note in question, which, at the time,
was in the hands of the attorney of the plaintiffs for collection.   A notice of
seizure was served upon the attorney, but the sheriff appears never to have
obtained possession of the note, notwithstanding which he proceeded to adver-
tize it for sale, and to adjudicate it, at the second exposure, to the defendant for
$100, on a credit of twelve months.   It has been repeatedly held that a valid
seizure, for purposes of sale under an execution, cannot be made, unless the she-
riff obtains actual possession of the property seized.   Without a previous
seizure, no adjudication can be made.   The sale of the note to the defendant
was therefore void.   *Fluker* v. *Bullard, ante* 388.

The plaintiff has prayed that the judgment of the District Court be amend-
ed, and that he be allowed a larger sum than was awarded to him by the court
below.   After allowing all the credits to which the defendant is entitled, the
balance appearing to be due is $1,618 21, instead of $1,450; for which last sum
judgment was rendered in the District Court.

It is therefore ordered that the judgment of the District Court be amended,
and that the plaintiffs recover of the defendant the sum of $1,618 21, with ten per
cent interest thereon from the 1st of March, 1844, until paid, instead of the sum of
$1,450, decreed to the plaintiffs in the judgment appealed from ; the appellant
paying the costs of both courts.