## SPEAKE & McCREARY v. GEORGE W. BARRETT.

A suit brought against one of the members of a commercial firm, interrupts prescription with regard to all the partners.

Where a note was signed by one of the members of a commercial firm with the addition of the words "in liquidation"—*Held:* that such a note was a notice to the payee that the firm was dissolved, and that without a special authorization to the partner signing the note from his co-partner, the note was not binding on him.

APPEAL from the District Court of the Parish of Rapides, *Cushman*, J.

W. B. *Lewis*, for plaintiffs and appellants.   M. *Ryan*, for defendant.

COLE, J.   Defendant is sued upon a note signed by "*Barrett & Culbertson*, in liquidation." There was judgment for defendant, and plaintiffs have appealed.

Plaintiff in 1852, obtained judgment, in another suit against *Culbertson*; and seeks now to hold *Barrett* liable.

The plea of prescription of five years has been made; it cannot be sustained, because prescription was arrested by the suit against *Culbertson*; *Barrett & Culbertson* being commercial partners are bound *in solido*, and a suit brought against one of the debtors *in solido*, interrupts prescription with regard to all.   C. C. 2092.

It is established that the signature of the note is in the handwriting of *Culbertson*.

The addition to the signature, of the words "in liquidation", was a notice to plaintiffs of the dissolution of the partnership of *Barrett & Culbertson.*

After the termination of the co-partnership, *Culbertson* had no authority to execute the note in the name of the partnership, without special authorisation from his partner, and no such power is contained in the record. C. C. 2966.

It is contended; that the words, "in liquidation," cannot be construed to mean, that a partnership is dissolved: and as there is no proof, in the record, of any notice having been given to plaintiffs, except these words affixed to the note, that defendant is liable, because the firm of *Barrett & Culbertson* were accustomed to transact business with plaintiffs, and they were entitled to special notification of the dissolution.

We are of opinion, that the presumption from the use of the words "in liquidation" would be that the partnership had been dissolved.

If at the execution of the note, it were still in existence, it was the duty of plaintiffs to have established it.

Plaintiffs have not even proved that the note was given for a debt of the partnership.

Judgment affirmed, with costs of appeal.