No. 1467.—J. ARROWSMITH v. E. H. DURELL, MRS. DE PONTALBA, subrogated.

A devolutive appeal from a final judgment does not suspend or interrupt prescription pending the appeal. Acts of 1853, p. 250.

Where a law is clear and free from all ambiguity the letter of it must not be disregarded under the pretense of pursuing its spirit. C. C. 13.

The citation required by the act of 1853, page 250, in that the judgment may be revived before it is prescribed, refers to the judgment rendered by the District Court, and not that of the Supreme Court.

APPEAL from the Fourth District Court of New Orleans. *Theard*, J. *P. Soulé, L. Charet* and *James Walker*, for plaintiff and appellee. *Johnson, Dennis, Legendre & Berault*, for defendant and appellant.

HOWELL, J. The only question presented for our decision is, whether or not a devolutive appeal suspends or interrupts the prescription of a judgment under the act of 1853, p. 250.

By the letter of the statute, the question must be answered in the negative. It provides that: "Hereafter all judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of said judgment; provided, however, that any party interested in any judgment may have the same revived at any time before it is prescribed by having a citation issued according to law to the defendant or his representative from the court which rendered the judgment, unless the defendant shows good cause why the judgment should not be revived."

The appellant, Mrs. De Pontalba, subrogated to the judgment against the plaintiff, contends that the ten years only commenced running on the date of the rendition of the judgment by the Supreme Court, affirming the judgment of the lower court, on the devolutive appeal, which was pending about four years. She bases her conclusion on the theory that the word judgment in the statute is used "in its largest sense of a *final* judgment, a judgment putting an end to all further contestation between the parties, and having the force of the thing adjudged, which is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on appeal." C. C. 3522, sec. 9. And she suggests the anomalous consequence of a judgment becoming extinguished by prescription before a final determination of the rights of the litigating parties has been reached in the appellate court and the whole subject matter vanishing into thin air and leaving not a

trace behind. She further urges that the doctrine of all the prescriptions *liberandi causa* rests on a presumption of payment arising out of the silence of the creditor during the appointed time (C. C. 3422, 3494), and that such presumption and silence cannot be said to exist while an appeal is undetermined.

In reply to all this, however forcible it may appear, we have only to say that when a law is clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit, C. C. 13, unless possibly following the letter may lead to an absurdity. The consequences suggested by appellant as possible, do not appear to us any more absurd than the assumption that a moneyed judgment will be permitted to remain for ten years unexecuted below, or undetermined in the appellate court.

The statute before us is, in itself, free from ambiguity. It says plainly that all judgments for money shall be prescribed by the lapse of ten years from the rendition thereof, unless revived before they are prescribed by having *citation issued from the court which rendered them.* Such citations cannot be issued from the Supreme Court, and consequently the statute does not refer to the rendition of the judgment by the Supreme Court, but manifestly to that of the court of the first instance. It does not say ten years from the *finality* of such judgment, but from its rendition, which in this instance was more than ten years prior to the issuing of the execution, and as the judgment had not been revived in the mode provided by the statute it was prescribed. It is not pretended that the judgment might not have been revived after its appearance on appeal and before the expiration of the ten years from its rendition in the lower court.

Judgment affirmed.