No. 3189.—D. G. WALKER *v.* SUCCESSION OF D. C. HAYS—E. B. TOWNE, Public Administrator.

A judgment becomes final from the date of the signature of the judge *a quo*, and if ten years are allowed to elapse from the date of such signature before citation of revival is served on the defendant, it is prescribed. The delay caused by a suspensive appeal will not be counted in favor of the judgment creditor to defeat the plea of prescription.

APPEAL from the Thirteenth Judicial District Court, parish of Madison. *Hough, J. J. C. Seale,* for plaintiff and appellant. *E. D. Farrar,* for defendant and appellee.

LUDELING, C. J.    D. G. Walker obtained a judgment in the district court of Madison parish for $1375 against D. C. Hays on the twenty-ninth day of October, 1859. Hays took a *suspensive* appeal from this judgment and on the seventeenth of December, 1860, the Supreme Court affirmed the judgment.

Proceedings were begun to revive the judgment, and citation was issued on the fourteenth of November, 1870. The defendant pleaded the prescription of ten years, which was sustained by the court *a quia.*

The only difference between this case and the case of Arrowsmith *v.* Durell, Pontalba subrogated, reported in 21 An. 295, is that a *suspensive* appeal was taken in this case, whereas a *devolutive* appeal had been taken in the case decided. We can not perceive how that difference can affect the prescription of the judgment.

"The rendition of the judgment" is the signing thereof by the judge ; at least that act fixes the date of the judgment and the period from which prescription begins to run. C. P. 545, 546, 547 and 555.

The act of 1853, page 250, is clear and emphatic: "Hereafter all judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of the judgment." 21 An. 295.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed, with costs of appeal.