## No. 195.—Byrne, Vance & Co. *v.* Isaiah Garrett, Executor.

A judgment is prescribed within ten years from its rendition under the act of 1853. The fact that a case was several years pending on appeal does not prevent the plaintiff from reviving the judgment. Unless revived in the manner indicated in the statute, it may prescribe pending the appeal, in case ten years elapses from the date of the signing of the judgment. If the judgment be prescribed for want of revival within ten years, the surety on the appeal bond is discharged. Where the debt intended to be secured by the appeal bond is discharged by prescription, the judgment debtor, the principal obligor, is released. Therefore the surety on the appeal bond of that obligor is also discharged.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray, J. Morrison & Farmer*, for plaintiffs and appellants. *Franklin Garrett*, for defendant and appellee.

Wyly, J. This is a suit against the surety on an appeal bond.

The defense is the judgment, in which the bond was given in order to prosecute the appeal, has prescribed by the act of 1853, more than ten years having elapsed from its rendition in the district court before this suit was instituted, without an attempt to revive it under said act.

On this exception the suit was dismissed, and the plaintiffs have appealed.

Whether the prescription announced in the act of 1853 began from the date of the judgment in the district court or from the time it was affirmed on appeal, is no longer an open question. That act provides that: "Hereafter all judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of the judgment."

"Rendition of the judgment," in the act, means when it was completed by the signing thereof by the judge. 21 An. 295; 23 An. 176.

The object of the bond was to secure the execution of the judgment if the appellate court should render judgment against the appellants.

The debt intended to be secured by the bond has been discharged by prescription; the defendant in that judgment no longer owes the plaintiffs therein; there is no longer a juridical necessity compelling the judgment debtor, the principal obligor, to pay the debt evidenced by the judgment. If the principal obligor be discharged, the surety of that obligor is also discharged.

The judgment was the highest evidence of the debt which the principal obligor in this case, W. S. Grayson, owed to the plaintiffs. After the rendition of that judgment he could not set up the same cause of action in another suit against the said W. S. Grayson. It stood as the most solemn evidence of the obligation subsisting between the parties. The moment this judgment was discharged in any of the modes provided by law, W. S. Grayson, the defendant therein, was released from his legal obligation to pay the plaintiffs. The discharge by prescription is just as effectual as by payment, compensation, voluntary remission, or any of the modes by which legal obligations become extinguished. There is no doubt, then, that W. S. Grayson was released by the prescription of the judgment. It follows, as a necessary con-

sequence, that the surety on his judicial bond of appeal, whose suc-
cession is represented by the defendant herein, is also discharged. The
defense of prescription is an effectual bar to recovery in this case.

The fact that the case was several years pending on appeal did not
prevent the plaintiffs from reviving the judgment. The act of 1853,
fixing the prescriptions of judgments at ten years from their rendition,
also provides the only means by which it can be averted. If the
plaintiffs have neglected to apply the means provided in that act to
arrest prescription the fault is attributable to themselves. A mortgage
may perempt pending the litigation to enforce it, if not reinscribed.
In like manner, under the statute referred to, a judgment may be pre-
scribed pending the prosecution of the appeal, if not averted by
revival within ten years from its rendition.

Judgment affirmed.