## Case No. 4,383.

### ELLERY et al. v. BROWN et al.

[2 Woods, 156.][1]

Circuit Court, D. Louisiana. Nov. Term, 1875.

Joseph P. Hornor and W. S. Benedict, for plaintiffs.

Thomas Allen Clarke, Thomas L. Bayne, and Henry Renshaw, Jr., for defendants.

WOODS, Circuit Judge. The facts were these: The plaintiffs, on October 14, 1865, brought this suit against the commercial firm of A. Brown & Co., domiciled in the city of New Orleans, and composed of Andrew Brown and W. S. Key. The suit was predicated upon two drafts. dated December 4, 1860, for $2.364 each, payable three days after sight, drawn by T. S. Powell & Co., and indorsed by the firm of A. Brown & Co., and on two other drafts, one for $2,-365 and the other for $2,419. drawn also by T. S. Powell & Co., dated January 3, 1861, payable in sixty days, and accepted by A. Brown & Co. On October 16, 1865, citation was served on Key, one of the members of the firm of A. Brown & Co. There was no service upon Brown, who was a citizen of Mississippi, and could not be found in this district. The cause remained pending in this condition for some years, until the death of Key, against whom no judgment was rendered. After the death of Key, Brown also died. and on the 25th of March, 1872, a supplemental petition was filed, in which the facts of the death of Brown, and of the opening of his succession, and the appointment and qualification of Hugh Watt Brown as his executor, were stated, and the averments of the original petition reiterated. Upon this supplemental petition. citation was issued against Hugh Watt Brown, executor, and served on the 28th day of February, 1872. Brown, the executor, pleaded the prescription of five years on commercial paper, and claimed that it was effectual to bar a recovery in this case. To this the plaintiffs replied that the prescription was interrupted by the service of citation on Key on the 25th of October, 1865, and that the prescription was suspended from that time as long as the action was pending against Key, which was until his death, and that de-

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

ducting the time of the suspension, the action was not prescribed against Brown's executor. The counsel of Brown admitted that if prescription was suspended during all the time the suit against Key was pending, the action was not prescribed. They claim, however, that the prescription was interrupted. not suspended, by the suit against Key, their view being that when citation was served on Key, the prescription began immediately to run again, and the five years of prescription should be computed from the date of service of citation on Key, not from the time when the suit was abated by the death of Key. If the view of the defendant was correct, it was clear the suit was prescribed. The court charged the jury according to the view of the defendant's counsel, and it is for the alleged error in so doing that the motion is made for a new trial.

The only question, therefore, presented for the decision of the court is, did the service of citation on Key interrupt merely, or did it suspend during the pendency of the suit against Key, prescription as to Brown, his copartner? The articles of the Civil Code which bear upon this subject are the following:

Art. 2872. * * * Commercial partners are bound in solido for the debts of the partnership.

Art. 2097. A suit brought against one of the debtors in solido interrupts prescription in regard to all.

Art. 3551. "The prescription releasing debts is interrupted by all such cases as interrupt the prescription by which property is acquired, and which have been explained in the first section of this chapter. It is also interrupted by the causes explained in the following articles."

Art. 3552. "A citation served upon one debtor in solido. or his acknowledgment of the debt, interrupts the prescription in regard to all the others, and even their heirs," etc.

Art. 3516. There are two ways of interrupting prescriptions; that is, by a natural interruption, or by a legal interruption.

Art. 3518. A legal interruption takes place when the possessor has been cited to appear before a court of justice on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not.

The counsel for defendant claim, that their view, namely, that the service of citation upon one of two debtors bound in solido, merely interrupts prescription, but does not suspend it as to the other debtor, during the pendency of such suit, is sustained by the French commentators and by the supreme court of Louisiana. In support of their view, they cite the following authorities: 2 Troplong, art. 2242, §§ 535, 536, 553; Id. 2250, § 687; Millaudon v. Beazley, 2 La. Ann. 916; Hite v. Vaught, Id. 970; Dwight v. Brashear,

5 La. Ann. 551; Richard v. Butman, 14 La. Ann. 144; Arrowsmith v. Durell, 21 La. Ann. 295; Walker v. Succession of Hays, 23 La. Ann. 176. I have examined all the cases. cited from the Annual Reports and cannot see that they sustain the construction of the Code to which the commentary of Troplong seems to give some color, and which counsel for defendant have pressed upon the court. The supreme court of Louisiana does not seem to have distinguished between interruption and suspension of prescription in the construction of the Code. On the other hand, there are several cases cited in the brief of plaintiffs which show conclusively, that under the facts of this case, prescription was suspended during the pendency of the suit against Key. In Wilson v. Marshall, 10 La. Ann. 327, the court says: "If prescription be interrupted by suit, the interruption continues during the pendency of the suit." The court further says (page 331): "The effect of the former suit, then, was to interrupt in 1836, the prescription which commenced to run in 1831. And it was impossible for prescription to run whilst the suit was pending. 'Ce nest pas seulement pour tout le temps antérieur à la demande, que cette demande interrompt la préscription, c'est aussi pour tout le temps que durera l'instance; en soit qu une préscription nouvelle ne pourra pas recommencer coutre le demandeur avant le jour ou sera rendu le jugement par lequel cette instance se terminera.' Marcadé de la Préscription, 124. So, if a new prescription begins to run from the day of the dismissal of the former action in 1843, the requisite period of ten years had not elapsed when the plaintiff instituted her present demand in 1852." In Furguson v. Glaze, 12 La. Ann. 667, the suit against the principal on a bond, dated in 1837, was commenced in 1841, was litigated until 1850, when judgment was rendered. Suit was commenced against the surety in 1851. He plead the prescription of ten years. The court says (page 668): "Proceedings were commenced against the principal debtor within about three years of his appointment and interruptedly prosecuted until 1850. This interrupted the prescription as to the surety." In Barrow v. Shields, 13 La. Ann. 57, the court says: "Again, it is clear that prescription cannot be interrupted until it has begun to run. If, however, a suit be instituted upon a note before it is due, and pending the suit the note matures and is protested for nonpayment, prescription of that note is interrupted so long as the suit lasts, after maturity, even if the suit be ultimately dismissed upon an exception of prematurity. The rule is: 'Actiones quae tempore pereunt, semel inclusae judicio, salvae permanent.' Marcadé, Préscription, art. 2248." In Speake v. Barrett, 13 La. Ann. 479, the court says: "Defendant is sued upon a note signed by 'Barrett & Culbertson in liquidation.' There was judgment for defendants, and plaintiffs

have appealed. Plaintiff, in 1852, obtained judgment in another suit against Culbertson, and seeks now to hold Barrett liable. The plea of prescription for five years has been made. It cannot be sustained, because prescription was arrested by the suit against Culbertson. Barrett and Culbertson, being commercial partners, are bound in solido, and a suit brought against one of the debtors in solido interrupts prescription with regard to all." So in Richard v. Butman, 14 La. Ann. 144: "Where a suit is brought against the surety, who is bound in solido with the drawer of the draft for its payment, prescription is thereby interrupted as to the principal debtor; it will commence to run again from the date of the judgment against the surety."

These rulings of the supreme court of this state seem to be in accord with the spirit of the laws of prescription or limitation. The theory of these laws is, that the debt sued for has been paid and the evidence of its payment lost. Now, when two persons are jointly bound, and suit is brought against one to enforce the debt, no presumption ought to arise in favor of the other debtor that the debt has been paid. This very case affords a good illustration of this rule. The suit was actually brought against both Key and Brown. Key is sued, but Brown, the other solidary debtor, by keeping out of the jurisdiction of the court, manages to escape service of citation. Now, while the plaintiff is pressing his suit against one of the joint debtors, and is ready to serve citation on the other as soon as he comes within the jurisdiction of the court, ought the one not served to be allowed to claim that during all this time the prescription has been running, and when five years have elapsed, say that the presumption of law is, that the debt has been paid? Clearly this would not be in accordance with the spirit of the law of prescription. I am, therefore, of opinion that the court erred in charging the jury that the suit against Key merely interrupted, but did not suspend prescription as to Brown. For this error, the verdict and judgment must be set aside, and a new trial granted.