## No. 9694.

### W. B. SCOTT & CO. VS. A. B. SEELYE.

The ten years within which a suit to revive a judgment must be brought, begin to run from the *rendition* of such judgment.

This means: Its *signature* by the lower judge, or its finality on appeal, whether when the last judicial day allowed for asking a rehearing expires, or when such rehearing is refused.

Particularly is such the initial point for prescription, when the judgment sought to be revived, is first rendered by the appellant's court, in place of that rendered by the lower court.

The finality of such judgment on appeal is not to be computed from the date of the signature of the reversed judgment in the lower court.

When ten calendar years appear to have run from the finality of the judgment, the burden is on the plaintiff to show that the suit to revive was instituted within the delay.

A mere omission to do so does not justify a judgment declaring the action prescribed.

Where it is clearly in the power of a plaintiff thus omitting or failing, to adduce proper proof, it would serve no useful purpose to dismiss his suit. The case ought to be remanded.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*W. S. Benedict* and *H. C. Cage*, for Plaintiffs and Appellants.

*J. McConnell* and *H. B. Upton*, for Defendant and Appellee:

First. Neither a suspensive or devolutive appeal will prevent prescription from running against the judgment appealed from. Marbury vs. Pace, 30 Ann. 1330.

A judgment becomes final from the date of the signature of the judge *a quo*, and if ten years are allowed to elapse from the date of such signature, before citation of revival is served on the defendant, it is prescribed. The delay caused by a suspensive appeal will not be counted in favor of the judgment creditor to defeat the plea of prescription. Walker vs. Succession Hays, Town Public Administrator, 23 Ann. 176.

A devolutive appeal from a final judgment does not suspend or interrupt prescription pend-

ing the appeal. Acts of 1853, p. 250. Where a law is clear and free from all ambiguity, the letter of it must not be disregarded under the pretense of pursuing its spirit. C. C. 13. The citation required by the Act of 1853, page 250, in that the judgment may be revived before it is prescribed, refers to the judgment rendered by the district court, and not that of the Supreme Court. 21 Ann. 295; 23 Ann. 587.

Second. Any party interested in a judgment may have the same revived by causing the judgment debtor to be cited before the court which rendered the judgment, before prescription has accrued. The restraining of the execution of a judgment by a writ of injunction sued out by the judgment debtor, does not interrupt the current of prescription. If, therefore, more than ten years are allowed to elapse from the date of the rendition of the judgment, without causing the judgment debtor to be cited, the judgment is prescribed. Yale, Jr. & Co. vs, Randle & Co., 23 Ann. 579.

The rendition of the judgment is the signing thereof by the judge; at least, that act fixes the date of the judgment and the period from which prescription begins to run. C. P. 545, 546, 547, 555.

Hereafter, all judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from their rendition, unless revived at any time before they are prescribed by having a citation issued according to law, to the defendant or his representative, from the court which rendered the judgment, unless the defendant or his representative show good cause why the judgment should not be revived. R. C. C. Art. 3547; 31 Ann. 342, 343; 21 Ann. 295; 29 Ann. 69; 30 Ann. 1331; Acts of 1853, p. 250; R. S. 2813.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit to revive a judgment. The plea of ten years' prescription in bar, having been sustained, the plaintiffs appeal.

The judgment rendered by the lower court was *in favor of the defendant,* and signed on the 3d of July, 1874.

On appeal, it was reversed on the 24th of December following, and judgment was rendered for $5000, with interest, in favor of plaintiffs.

On the 14th of January, 1885, the present action was brought to revive, and on the next day citation was served.

The district judge sustained the plea of prescription, and rejected the demand.

Counsel for plaintiffs insist very properly that the ten years began to run only on the day when the judgment in favor of plaintiffs became final and executory.

It appears, from the minutes of this Court, that within the six judicial days allowed, an application for a rehearing was filed, which was refused on the 20th of February, 1875.

The transcript of appeal in the present suit, does not show that this material fact was proved in the lower court. The burden was upon the plaintiffs to show that they had brought their action to revive within the ten years, after the judgment had become executory.

The contention that the judgment of the Supreme Court must be

read behind the signature of the district judge, as though rendered by him, and that prescription must be computed from that signature, can hardly be considered serious—for, that would be to allow prescription to run against a judgment *before it existed.*

By "*rendition*" found in Article 3547 R. C. C. the Legislature meant the finality of the judgment, sought to be revived, whether by the signature of the district judge, or by the expiration of the last judicial day allowed to ask a rehearing, or the refusal of such rehearing.

Owing to plaintiff's failure to show that the suit was brought and citation served, within the delay, there was no initial point for the computation of the prescription and such omission could not justify a judgment sustaining the plea.

Dismissing the suit, would serve no useful purpose.

In furtherance of the ends of justice the case ought to be remanded.

It is, therefore, ordered and decreed that the judgment appealed from be reversed, and that this case be remanded to the lower court for further proceedings according to law, defendant to pay costs of appeal and those of the lower court, from the filing of the plea of prescription; costs to be subsequently incurred, to abide the result of the suit.