(91 South. 288)

No. 22849.

### CRUSEL v. TIERCE.

(Jan. 31, 1921. Dissenting Opinion, Dec. 13, 1921. On Rehearing, Feb. 27, 1922.)

*(Syllabus by Editorial Staff.)*

On Rehearing.

1. Judgment ⏧910(4)—Prescription not suspended pending appeal; "rendition."

Within Civ. Code, art. 3547, prescribing judgments after 10 years from rendition, the date of rendition is the date of the judgment itself, and not the date on which it becomes final, so that an appeal does not prevent the beginning of the period of prescription.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rendition.]

2. Judgment ⏧910(4)—Prescription against Supreme Court judgment runs during pendency of motion for rehearing.

Where the Supreme Court reversed a judgment denying recovery, which was not a judgment for money within the prescription statute (Civ. Code, art. 3547), and rendered a judgment for the plaintiff, prescription against that judgment was not suspended by the pendency of a motion for rehearing.

3. Judgment ⏧910(1)—Unambiguous provision cannot be disregarded to effect spirit of law.

Statutes of prescription are essentially arbitrary, and a plain, unambiguous provision, arbitrarily fixing the time when prescription of a judgment commences, cannot be disregarded in an effort to pursue the spirit of the statute, in view of Civ. Code, art. 13.

Provosty, C. J., and St. Paul, J., dissenting.

Appeal from Fifteenth Judicial District Court, Parish of Jefferson Davis; Winston Overton, Judge.

Suit by James B. Tierce against J. Edward Crusel to revive a judgment. Judgment for the plaintiff, and defendant appeals. Reversed, and plea of prescription sustained.

Smith & Carmouche, of Crowley, and Modisette & Adams, of Jennings, for appellant.

Miller, Miller & Fletchinger, of New Orleans, and J. H. Heinen, of Jennings, for appellee.

PROVOSTY, J. Plaintiff sues to revive a judgment, and defendant pleads the prescription of 10 years provided for in article 3547 of the Code, reading in part:

"All judgments for money * * * shall be prescribed by the lapse of ten years from the rendition of such judgments. Provided, however, that any party interested in any judgment may have the same revived at any time before it is prescribed, by having a citation issued according to law, to the defendant

* * * from the court which rendered the judgment," etc.

Plaintiff's demand in the suit in which the judgment sought to be revived was rendered was for a very large amount. It was rejected by the district court, except to the extent of $2,974.67, by a judgment signed on January 27, 1906. Plaintiff appealed to the Supreme Court, and that court increased the allowance to $9,942.37 by a judgment handed down on January 7, 1907. A rehearing was applied for by defendant. It was refused on February 4, 1907. While refusing this rehearing, this court corrected an error of calculation which had crept into the judgment, whereby the judgment was reduced to $8,-809.70. It is this judgment plaintiff seeks to revive.

The citation in the suit for revival was served on defendant on January 15, 1917.

The judgment sought to be revived may be said to have existed as to $2,974.67 of it from the time judgment was rendered in favor of plaintiff for that amount by the district court; but it did not exist for any excess over that amount until judgment was rendered by this court on January 7, 1907. Now, as prescription cannot possibly run on a judgment until it exists, the plea of prescription is clearly not applicable to that part of the judgment constituting this excess. That point was decided in the case of Scott v. Seelye, 39 La. Ann. 749, 2 South. 309, where the court said:

"The contention that the judgment of the Supreme Court must be read behind the signature of the district judge, as though rendered by him, and that prescription must be computed from that signature, can hardly be considered serious—for, that would be to allow prescription to run against a judgment before it existed.

"By 'rendition' found in article 3547, R. C. C., the Legislature meant the finality of the judgment, sought to be revived, whether by the signature of the district judge, or by the expiration of the last judicial day allowed to ask a rehearing, or the refusal of such rehearing."

It is suggested by counsel that in a later decision (Hayden v. Sheriff, 43 La. Ann. 385, 8 South. 919), this court took a different view, but in that case the present point was in no way involved.

In discussion, in consultation, it was suggested that the prescription as to the judgment rendered by the Supreme Court should run from the date the judgment was handed down, January 7, 1907, and not from the date the rehearing was refused. But a judgment is not final so long as an application for a rehearing is pending; and, as was said by this court in the Seelye Case, supra, "By rendition found in article 3547, C. C., the Legislature meant the finality of the judgment;" and a judgment is not final so long as an application for a rehearing is pending. An application for a rehearing in the appellate court is analogous to an application for a new trial in the trial court, and in the trial court a judgment does not become final until the delay for application for a new trial has expired. Until then it is no judgment, and cannot even be validly signed.

As to the $2,974.67 for which the district court gave plaintiff judgment, the decisions of this court in the cases of Arrowsmith v. Durell, 21 La. Ann. 295; Walker v. Succession of Hayes, 23 La. Ann. 176; Byrne, Vance & Co. v. Garrett, 23 La. Ann. 587; Samory v. Montgomery, 27 La. Ann. 50, would appear to control. They hold that an appeal, whether suspensive or devolutive, does not arrest the course of the prescription.

The trial court overruled the plea of prescription in toto. It should have been sustained as to the $2,942.37 for which the trial court had rendered judgment in favor of plaintiff, and overruled as to that part of the judgment which came into existence only by the judgment of the Supreme Court.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, except as to that part of it consist-

ing of the $2,942.37, for which the trial court rendered judgment in favor of plaintiff in the suit in which the judgment sought to be revived was rendered; that as to the latter part it be annulled, and plaintiff's suit dismissed; and finally, that the plaintiff pay the costs of the present appeal.

SOMMERVILLE, J., dissents.

O'NIELL, J., is of the opinion that the plea of prescription should be sustained, and therefore hands down a dissenting opinion.

O'NIELL, J. (dissenting). It must be conceded that the judgment for the amount of the increase over and above the $2,974.67, for which the district court had rendered judgment in favor of plaintiff, was not rendered until the Supreme Court rendered judgment in the case. As to the amount of the increase, the case is the same in principle as the case of Scott v. Seelye, 39 La. Ann. 749, 2 South. 309. That decision is correct in so far as it holds that, when the court of original jurisdiction rejects the plaintiff's demand and the appellate court renders judgment for a sum of money in favor of the plaintiff, the prescription of 10 years runs from the date the judgment was rendered by the appellate court. The reason for the ruling is that article 3547 of the Civil Code, according to its precise language, refers only to "judgments for money." The article declares:

"All judgments for money, whether rendered within or without the state, shall be prescribed by the lapse of ten years from the rendition of such judgments,"

The decision handed down in the present case, from which I respectfully dissent, holds that the word "rendition" means "the finality of the judgment." That ruling is in conflict with the precise language of the Code, and in conflict with the rulings in the four cases cited, viz.: Arrowsmith v. Durell, 21 La. Ann. 295; Walker v. Succession of 150 LA.—29

Hayes, 23 La. Ann. 176; Byrne, Vance & Co. v. Garrett, 23 La. Ann. 587; and Samory v. Montgomery, 27 La. Ann. 50.

In Arrowsmith v. Durell it was said:

"The statute before us is, in itself, free from ambiguity. It says plainly that all judgments for money shall be prescribed by the lapse of 10 years from the rendition thereof, unless revived before they are prescribed, by having citation issued from the court which rendered them."

In Walker v. Succession of Hayes it was said:

" 'The rendition of the judgment' is the signing thereof by the judge; at least that act fixes the date of the judgment and the period from which prescription begins to run."

In Byrne, Vance & Co. v. Garrett it was said:

" 'Rendition of the judgment,' in the act, means when it was completed by the signing thereof by the judge."

In Samory v. Montgomery it was said:

"In the case of Arrowsmith v. Durell, 21 An. 295, it was expressly decided that a devolutive appeal from a final judgment does not suspend or interrupt prescription pending the appeal.

"In Walker v. Succession of Hayes, 23 A. 176, it was held that a suspensive appeal did not interrupt prescription, which, the court said, began to run on the day the judgment of the district court was signed. And, in the case of Byrne, Vance & Co. v. Garrett, 23 An. 587, the same conclusion was reached. We may, therefore, conclude that this first proposition is not supported by authority."

Not one decision was cited in support of the ruling in Scott v. Seelye, that "by 'rendition,' found in article 3547, R. C. C., the Legislature meant the 'finality' of the judgment." In all of the previous decisions the argument was made that the word "rendition" meant "finality"; and in all of the decisions the argument was rejected, because it was contrary to the precise language of the law. Not one of those decisions was cited in Scott v. Seelye. The decision in

Scott v. Seelye was correct, because a judgment for money was not rendered by the court of original jurisdiction. That part of the opinion which declares that the word "rendition" means finality was mere obiter dictum, was contrary to the language of the Code, contrary to all previous decisions, and was not at all appropriate to the question before the court in Scott v. Seelye.

The distinction between the rendition and the finality of a judgment is recognized in the Constitution of this state. Article 117 declares that judgments shall be signed after 3 days from the "rendition" thereof, and shall became final or "executory" 10 days after being signed.

"Rendition of judgment" is defined in 34 Cyc. 1330 as the announcement from the bench, entered in the minutes, or the filing of the findings, if there are findings, or both; and, in support of the definition, decisions from the court of last resort of almost every state in the Union are cited. I have not been able to find any authority whatever for holding that the expression "rendition of the judgment" means "finality of the judgment."

If the prescription against an action to revive a judgment is suspended until the judgment becomes final, it must be suspended during the delays allowed for a suspensive appeal. If that be true, the fixing of the date of the beginning of the prescription "from the rendition" of the judgment has no meaning whatever. If we are to adhere to the uncalled-for expression in Scott v. Seelye, that the word "rendition" means "finality," we ought to overrule the long list of decisions to the contrary, instead of citing them with approval. There is no reason whatever for holding that the prescription against a suit to revive a judgment for money shall be interrupted until the expiration of the delays for applying for a rehearing, unless we overrule the doctrine that the prescription is not suspended during the delays allowed for a suspensive appeal, or while such appeal is pending.

The judgment which the plaintiff in this suit is seeking to revive was rendered by the Supreme Court more than 10 years before this suit was filed. The judgment rendered by this court was for $9,942.37. The defendant was given credit for a brokerage commission of one cent per barrel on 125,852 barrels of oil. By the simple clerical error of moving the decimal three points instead of two points to the left, the court gave him credit for only $125.85, instead of $1,258.52. Because of that error, the defendant applied for a rehearing, and the error was corrected, reducing the judgment to $8,809.70. But the judgment originally rendered by this court included the $8,809.70, because, in fact, the judgment was rendered for that sum, and the apparent excess was merely a clerical error. If the situation were reversed, if the judgment had been rendered by this court originally for $8,809.70, and if, on the application for rehearing, it had been increased to $9,942.37, it might be said that the judgment for the difference between the two sums was not actually rendered until the correction was made on application for rehearing. But, when this court rendered judgment for $9,942.37, intending to render judgment for $8,809.70, it cannot be said that the court did not render the judgment for $8,809.70 until the correction was made.

For the reasons stated, my opinion is that the plea of prescription should be maintained, and that plaintiff's demand to revive the judgment should be rejected entirely.

On Rehearing.

By PROVOSTY, C. J., and O'NIELL, DAWKINS, LAND, BAKER, and ST. PAUL, JJ.; OVERTON, J., recused.

O'NIELL, J. In the original decree of this court, the plea of prescription of 10 years, against this action to revive a judg-

ment, was sustained against the judgment of $2,974.67 originally rendered by the district court. The plea was overruled as to the increase allowed by the decree of this court, increasing the judgment in the original suit to $8,809.70.

The defendant, appellant in this case, applied for a rehearing, complaining only, of course, of that part of our decree which had, in part, overruled his plea of prescription. The rehearing, as to that part of the decree, was granted.

The plaintiff, appellee in this case, also applied for a rehearing, complaining only, of course, of that part of our decree that had sustained the plea of prescription against the original judgment of $2,974.67 rendered by the district court. The application for a rehearing on that part of our decree was refused, and the decree, to that extent, was thereby made final.

[1] That part of the judgment of this court which has become final has therefore settled the proposition that the language of article 3547 of the Code, "All judgments for money, * * * shall be prescribed by the lapse of ten years from the rendition of such judgments," means, not that the prescription shall run from the finality of such judgments, but that it shall run from the rendition of such judgments. In other words, we have adhered to the jurisprudence maintaining that the date of rendition of a judgment of a court of original jurisdiction, in so far as it marks the beginning of the 10-year prescription against an action to revive or to keep alive the judgment, is the date of the judgment itself, not the date on which it becomes final. This court is therefore committed to the doctrine that the statute must be construed literally, and that the running of the prescription in such case is not suspended by an appeal from the original judgment, or during the delay allowed for taking a suspensive appeal.

[2] The same rule must be applied to a "judgment for money" rendered originally by an appellate court. Of course, the judgment appealed from, in such case, in so far as it has rejected the plaintiff's demand, is not a "judgment for money," and the prescription therefore does not run against it. But the judgment of the appellate court, in such case, reversing the judgment appealed from in so far as it has rejected the plaintiff's demand, is a "judgment for money"; and, as the Code says, the 10-year prescription commences "from the rendition of such judgments." The judgment in this case was rendered when the decree was handed down, more than 10 years before the institution of the present suit to revive or keep alive the original judgment. It would seem anomalous to hold that, although the prescription of 10 years against an action to revive or keep alive a judgment for money is not suspended by an appeal, or even during the delay allowed for taking a suspensive appeal, from the original judgment, nevertheless, the prescription is suspended during the pendency of an application for a rehearing, or during the delay allowed for a rehearing, in the appellate court.

[3] Statutes of limitation or prescription are essentially arbitrary. The statute invoked in this case has arbitrarily fixed the time when the term of prescription commences. The law being plain and free from ambiguity, the letter of it is not to be disregarded, in an effort to pursue its spirit. Rev. Civ. Code, art. 13.

The judgment appealed from is annulled, the plea of prescription is sustained, and plaintiff's demand is therefore rejected, at his cost.

PROVOSTY, C. J., dissents.
OVERTON, J., recused.

ST. PAUL, J. I respectfully dissent, except as to so much of the claim as was con-

cluded by the former refusal of plaintiff's application for a rehearing. That, of course, is final. But as to that part of the claim not concluded thereby, I do not think the plea of prescription good. The proposition that a judgment of this court is a judgment at all until a rehearing is finally refused is wholly untenable. It is so little a judgment that the clerk cannot even furnish an official copy thereof (C. P. art. 911); and it is of record that a judgment of this court, rendered on January 5, 1920, was pending on various applications for rehearing from January 5, 1920, until February 17, 1922. See Frost-Johnson Lumber Co. v. Heirs of Salling et al. (Our No. 22916) 91 South. 207.[1] Of course, the judgment in that shape was not worth the paper on which it was written. Nobody for a moment thought so; otherwise several hundred pages of briefs and many hours of oral argument (not to mention the time of the judges) were wholly wasted upon the whole subject-matter.