Oliver FRERE, on Behalf of His Minor Son, Murphy Frere, Plaintiff and Appellee, v. NEW ORLEANS PUBLIC SERVICE, Inc., Defendant and Appellant. *

No. 14898.

Court of Appeal of Louisiana. Orleans. April 23, 1934.

Rehearing Denied May 7, 1934.

Ivy G. Kittredge, of New Orleans, for appellant.

Finnorn & Todd, Robt. B. Todd, and Cameron McCann, all of New Orleans, for appellees.

HIGGINS, Judge.

This suit results from the same accident which we considered in the case of Joseph Favaza v. N. O. Public Service, Inc., 154 So. 457, decided by us this day. Plaintiff, Oliver Frere, claims damages of $400 in behalf of his minor son, who was driving the automobile of Favaza when the accident occurred, alleging the same grounds of negligence on the part of defendant company as was set forth in the other case.

For the reasons assigned in Favaza v. N. O. Public Service, Inc., the judgment herein appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of the defendant, New Orleans Public Service, Inc., and against the plaintiff, Oliver Frere, on behalf of his minor son, Murphy Frere, dismissing the plaintiff's suit at his cost.

Reversed.

CARLILE v. HUCKABY et al. †

No. 4807.

Court of Appeal of Louisiana. Second Circuit. May 4, 1934.

---

Goff & Goff, of Arcadia, for appellant.

J. Rush Wimberly, of Arcadia, and J. Elton Huckaby, of Baton Rouge, for appellee.

MILLS, Judge.

Plaintiff brings this suit against J. T. Huckaby, Jr., and the Huckaby Company, Incorporated, alleging that on the 28th day of June, 1929, in the Second judicial district court in and for Bienville parish, La., he obtained a money judgment against J. T. Huckaby for the sum of $615, interest and costs, which was affirmed on appeal by decree of this court, dated May 20, 1931; that a writ of execution was returned unsatisfied; that, while the above suit was pending, Huckaby transferred all of his property, appraised at $6,000, to a corporation organized with himself, his wife and two sons as the only stockholders for stock in the corporation; and that the organization of the corporation and the transfer of property is a fraudulent simulation and conceived with the purpose of shielding the property of Huckaby from his creditors.

Plaintiff pleads in the alternative that, if not a simulation, the transfer of the property was made with the intent to defraud his creditors and should be annulled; that Huckaby was insolvent at the time, to the knowledge of the other incorporators. He prays that the transfer be annulled and that the property included therein be decreed subject to seizure and sale under his judgment.

Defendants filed exceptions of nonjoinder and no cause or right of action, which were overruled. They then answered practically in the form of a general denial.

After trial on the merits, there was judgment rejecting plaintiff's demands, from which he has appealed.

■ The evidence in the case fails entirely to sustain the plea of simulation. The corporation was duly formed, the transfer of property duly made, and $500 in cash paid in by the other incorporators. It was a real and not a simulated transaction. The alternative demand of plaintiff constitutes a revocatory action. Lucas v. D'Armond, 11 La. Ann. 168.

Defendants have filed in this court a plea of prescription, based upon article 1994 of the Civil Code, covering such actions. This article provides: "The action given by this section, is limited to one year; if brought by a creditor individually, to be counted from the time he has obtained judgment against the debtor; if brought by syndics or other representatives of the creditors collectively, to be counted from the day of their appointment."

Plaintiff correctly alleged that his money judgment was obtained June 28, 1929, and affirmed in the Court of Appeal on May 20, 1931. This suit was filed May 23, 1932, and service made June 7, 1932.

■ Article 3547 of the Civil Code provides in part: "All judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgments."

The cases of Arrowsmith v. Durell, 21 La. Ann. 295; Walker v. Succession of Hays, 23 La. Ann. 176; Byrne Vance & Co. v. Garrett, 23 La. Ann. 587; Samory v. Montgomery, 27 La. Ann. 50, established the rule that prescription began to run on a money judgment from the date of its signing in the court of its rendition and that the date is not affected by an appeal. These cases were ignored in the opinion rendered in Scott v. Seelye, 39 La. Ann. 749, 2 So. 309, which held that the word "rendition," as used in article 3547 of the Civil Code, meant finality. This decision was in turn overruled in Crusel v. Tierce, 150 La. 893, 91 So. 288, followed in Bailey v. L. & N. W. R. Co., 159 La. 576, 105 So. 626, and the present rule laid down that prescription runs against a money judgment from the date of its rendition in the lower court, except where it is only rendered in an appellate court after a reversal of the lower court. In the latter case prescription runs from the date of rendition in the appellate court.

■ The plea of prescription in this case is based upon article 1994 of the Civil Code, under which the revocatory action must be brought within one year from the time judgment was obtained against the debtor.

We think the provisions of the two sections are substantially the same and are governed by the same rule. Applying this rule to the case before us, it is apparent that the plea of prescription is good.

It is accordingly sustained, and plaintiff's suit dismissed, with costs of both courts.