## BROCK v. EDWARDS.

### No. 1448.

Court of Appeal of Louisiana.
First Circuit.
March 4, 1935.

M. I. Varnado, of Bogalusa, for appellant.

J. V. Brock, of Franklinton, for appellee.

ELLIOTT, Judge.

Ollie E. Brock alleging himself to be the holder and owner of a certain judgment against Fred M. Edwards brought suit against Edwards to have it revived in conformity with the provisions of the Civil Code, art. 3547, on that subject. Edwards appeared and urged against plaintiff's action the prescription of 10 years, and that his petition set forth no right or cause of action.

These exceptions were overruled, and the defendant answered. In his answer he denies the averments contained in the petition of the plaintiff. There was judgment in favor of the plaintiff as prayed for, and the defendant has appealed.

 As for the exception of no right or cause of action, it was properly overruled. As for the exception of 10 and 20 years, the theory of the defendant on this subject is that the original judgment against Edwards rendered in favor of W. T. Hardie & Co., signed April 3, 1914, must be taken into account in computing his plea of prescription. The original judgment was revived in a suit instituted for the purpose by the plaintiff then doing business under the name of Brock Mercantile Company. In the suit to revive, brought by plaintiff under the trade-name of Brock Mercantile Company, Edwards executed a written waiver of citation and of delays for answering, and confessed judgment in favor of the plaintiff as prayed for. This confession was signed March 18, 1924, but the judgment based on the confession was not signed until April 8, 1924.

Defendant's argument is that more than 20 years elapsed after April 3, 1914, before citation issued in the present case, which was on April 6, 1934.

The law provides that prescription may be interrupted and held in abeyance. The prescription which prevents the acquisition of property is interrupted by the citation of the debtor, and the same rule of law applies to actions for the revival of a judgment. Civ. Code, arts. 3518, 3551. Martinez v. Succession of Vives, 30 La. Ann. 818.

Defendant contends that prescription commenced to run in this case on April 3, 1924; that is, 10 years from the time the original judgment was rendered. Of course, if prescription commenced to run on April 3, 1924, the action would be prescribed, because citation in the present suit was not served until April 6, 1934. But the waiver of citation and confession of defendant interrupted prescription on March 18, 1924, and it did not commence to run again until the judgment was signed, which was on April 8, 1924. The action was therefore not prescribed and the plea of prescription was properly overruled.

 Defendant denies that plaintiff is the owner of the judgment. The record of the suit in which the original judgment was rendered, as well as the record of the second suit, in which the judgment was revived, were properly offered and received in evidence, and show that plaintiff is the owner of the judgment and has the right to bring the action to revive it as he has done.

Defendant contends that the lower court erroneously received in evidence the original suit entitled William T. Hardie & Co. v. Fred M. Edwards, and the subsequent suit to revive entitled Brock Mercantile Company v. Fred M. Edwards. It was necessary for the plaintiff to show that the judgment existed and that he had the right to revive it, and this right is established by these records. The records were admissible in evidence for the purpose for which they were received.

The judgment appealed from is correct.

Judgment affirmed. Defendant and appellant to pay the cost in both courts.