ODOM, Justice.
 

 This is a suit to revive a judgment for money rendered in this state. The following recitals appear on the face of the judgment sought to be,revived:
 

 “Judgment rendered in open court April 19, 1932.”
 

 ' “Judgment read and signed in open court April 21 1932.”
 

 The suit to revive was brought in the court which rendered the judgment, which was the court of defendant’s domicile, on April 20, 1942, and personal service and citation were made on defendant the same day. The defendant pleaded the prescription of 10 years, which plea was overruled by the trial judge. There was judgment in favor of plaintiff, reviving the judgment as prayed for. The defendant applied for writs, which were granted.
 

 Article 3547 of the Revised Civil Code, as amended by Act 278, pag;e 716, of 1936, provides that:
 

 “All judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the
 
 rendition
 
 of such judgments * * *. Provided, however, that any party interested in any judgment * * * may have the same revived at any time before it is prescribed, by having a citation issued according to law to the defendant or his representative, from the Court of defendant’s domicile, unless defendant or his representative show good cause why the judgment should not be revived.” (Italics are the writer’s.)
 

 The sole question involved in this case is whether prescription on judgments for money rendered by district courts begins to run on the date when such judgments are given or announced from the bench, or from the day on which they are signed by the judge in due course, according to the rule laid down in Article 546 of the Code of Practice. That article provides:
 

 “The judge must sign all definitive or final judgments
 
 rendered by him, but he shall not do so until three judicial days have elapsed, to be computed from the day when such judgments were given; provided, that hereafter, (except in the Parish of Orleans), all motions for new trials in causes, shall be made and determined, and all final judgments signed before the adjournment of the court, for the term at which such causes were tried, and whether three judicial days shall have elapsed or not.”
 

 Counsel for the relator, defendant in this suit, argues that prescription begins to run on the day when the judgment is given or announced from the bench, and
 
 *887
 
 not from the day on which the judgment is signed. If his contention is correct, his plea of prescription filed in this case should have been sustained, because the suit to revive was filed, and citation issued and served, 10 calendar years plus one day after the judgment sought to be revived was giv-' en. Counsel for plaintiff contends, and the district judge held, that prescription began to run on the day when the judgment was signed, which was April 21, 1932, one day less than 10 calendar years before the suit to revive was filed and served.
 

 The ruling of the district judge was correct. The question here involved is not an open one. It is settled by jurisprudence that prescription begins to run when the judgment is signed, not when -it is given or announced from the bench by the judge. Article 3547 of the Code (the first clause of which is a re-enactment of Act 274, page 250, of 1853) provides that all judgments for money “shall be prescribed by the lapse of ten years from the rendition of such judgments”.
 

 In the case of Walker v. Succession of Hays, 23 La.Ann. 176, this court said:
 

 “ ‘The rendition of the judgment’ is the signing thereof by the judge; at least that act fixes the date of the judgment and the period from which prescription begins to run.” (Citing Code of Practice, Articles 545, 546, 547, 555.)
 

 In Byrne, Vance & Co. v. Garrett, Executor, 23 La.Ann. 587, the court, after quoting the act of 1853, which provided that all judgments for money shall be prescribed by the lapse of 10 years from “the rendition of the judgment”, said:
 

 “ ‘Rendition of the judgment’, in the act, means when it was completed by the signing thereof by the judge.”
 

 These two cases are the only ones, so far as we know, in which this court has defined the meaning of the phrase “rendition of the judgment”, as used in the act of 1853- and in Article 3547 of the Code. These cases have not been overruled, nor has the-ruling on this particular point been modified. On the contrary, they have been repeatedly cited with approval.
 

 In the case’ of Samory v. Montgomery,
 
 27
 
 La.Ann. 50, the identical question here involved was not presented. However, the-court in that case had this to say:
 

 “In Walker v. Succession of Hays, 23 La.Ann. 176, it was held that a suspensiveappeal did not interrupt prescription, which, the court said began to run on the day the-judgment of the District Court was signed.. And, in the case of Byrne, Vance & Co. v. Garrett, 23 La.Ann. 587, the same conclusion was reached.”
 

 In the case of Carlile v. Huckaby et al.,. La.App., Second Circuit, 154 So. 462, 463, the court, after quoting that portion of Article 3547 of the Code which provides-that all judgments for money shall be prescribed by the lapse of 10 years “from the-rendition of such judgments”, said:
 

 “The cases of Arrowsmith v. Durell, 21 La.Ann. 295; Walker v. Succession of Hays, 23 La.Ann. 176; Byrne, Vance & Co., v. Garrett, 23 La.Ann. 587; Samory v. Montgomery, 27 La.Ann. 50, established the-rule that prescription began to run on a_ money judgment from the date of its sign
 
 *889
 
 ing in the court of its rendition and that the date is not affected by an appeal.”
 

 See, also, Brock v. Edwards, La.App., First Circuit, 159 So. 607.
 

 The Code of Practice, Article 546, says “The judge must sign all definitive or final judgments rendered by him”, and this court has repeatedly held that the signature of the judge is essential and that no appeal lies from an unsigned judgment. This, of course, does not apply to cases where “judgments for money” are rendered by appellate courts, which courts do not ordinarily sign their judgments. Appellate courts frequently render “judgments for money” — for instance, where the plaintiff sues to obtain a judgment for money and his demands are rejected by the district court, and on appeal the appellate court reverses the judgment of the district court and renders judgment in favor of the plaintiff as prayed for. In cases of that kind, prescription begins to run from the date on which the judgment is rendered by the appellate court.
 

 Counsel for the defendant, relator here, says in his assignment of errors that in the case of Crusel v. Tierce, 150 La. 893, 91 So. 288, “the Supreme Court, on a rehearing overruled former jurisprudence of this State and construed Article 3547 of the Revised Civil Code to mean that judgment prescribed ten .years after the date of its actual rendition, and not from its date of being read and signed”.
 

 Counsel is mistaken. A careful reading of that case shows that the ruling there has no application whatever to the point involved in the case at bar. The court did not overrule the cases which hold specifically that the rendition of a judgment by a district court is the signing thereof. As was said in the case of Walker v. Succession of Hays, supra, “at least that act [the signing of the judgment] fixes the date of the judgment and the period from which prescription begins to run”. In the Crusel case, the main question involved was when prescription began to run on judgments “rendered” by the Supreme Court.
 

 The case of Yznaga del Valle v. Harrison, 93 U.S. 233, 23 L.Ed. 892, decided by the Supreme Court of the United States on December 4, 1876, is directly in point. In that case, the court said that a judgment, according to the rules and practice which prevail in Louisiana, is not rendered until it is signed by the district judge.
 

 For the reasons assigned, the writs heretofore granted in this case are recalled, and the judgment of the district court is affirmed; relator to pay costs.
 

 ROGERS, J., absent.